UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:21-cr-0043 KJM CKD P |
| Respondent, | |
| v. | ORDER |
| CHRISTOPHER FIRLE, | |
| Movant. | |

   On July 6, 2021, movant pled guilty to wire fraud. A term if the plea agreement is that movant pay $1,937,706 in restitution pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A(c). This loss amount also resulted in a 16-level increase under the United States Sentencing Guidelines. ECF No. 17 at 7. On March 14, 2024, movant was ordered to serve 41 months in federal prison. ECF No. 59 at 15. However, on January 26, 2024, his sentence was reduced to 33 months. ECF No. 49. According to the Federal Bureau of Prisons online inmate locator, movant is scheduled to be released from custody on March 7, 2025.

   Shortly after his sentence was reduced, movant filed a motion seeking relief under 28 U.S.C. § 2255. Movant asserts that trial counsel did not conduct an adequate investigation into the amount of restitution owed and misrepresented the significance of the amount determined. Respondent anticipates interviewing movant's trial counsel and asks that the court deem the attorney client privilege waived as to "[counsel's] communications with movant about pleading

guilty, the terms of the plea agreement, and sentencing, as well as any work product privilege relating to those topics." ECF No. 61 at 2.

Generally speaking, a claim of ineffective assistance of counsel raised on collateral review waives attorney-client privilege. Lambright v. Ryan, 698 F.3d 808, 818 (9th Cir.2012). While the court finds the privilege is not waived here in all respects, the court finds that movant has impliedly waived his attorney-client privilege with respect to the allegations regarding his counsel's communications as to whether movant should plead guilty, the terms of the plea agreement, sentencing options, and the resulting sentence. See ECF No. 51; see also Bittaker v.Woodford, 331 F.3d 715, 721-24 (9th Cir. 2003) (en banc). The court will set a brief discovery period to allow respondent to obtain declarations relevant to these ineffective assistance of counsel claims.

In his opposition to respondent's motion, movant asks that the court order that respondent provide him with certain documents. That request is not proper. If movant seeks any documents, he must file a motion for discovery under Rule 6 of the Rules Governing Section 2255 Cases.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion for waiver of the attorney-client privilege as to movant and his trial-counsel (ECF No. 61) is granted.
2. Respondent may then seek information from attorney Byers either informally or through a means of discovery. The deadline for filing any motions to compel is December 20, 2025. Respondent shall limit its use of any information or documents received to answering the ineffective assistance of counsel claim raised in movant's § 2255 motion. Respondent shall treat the information and documents received as confidential and shall not disseminate them or disclose their contents other than in the course of litigating the pending § 2255 motion.
3. Respondent's response to movant's § 2255 motion shall be filed no later than February 1, 2025.
4. Movant may file a traverse no later than March 1, 2025.
5. Movant's § 2255 motion will be deemed submitted at the conclusion of this briefing

schedule.

6. Movant's request that the court order respondent to turn over certain documents is denied.

Dated: October 28, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
firl0043.wac