UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>CHRISTOPHER FIRLE,<br><br>Movant. | No. 2:21-cr-0043 KJM CKD P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Movant is proceeding pro se with a motion filed pursuant to 28 U.S.C. § 2255. ECF No. 51. Respondent has filed an answer. ECF No. 66. For the reasons which follow, the court recommends that the § 2255 motion be denied.

On February 24, 2021, movant was charged with wire fraud. ECF No. 1. He plead guilty on July 6, 2021, pursuant to a negotiated plea agreement. ECF No. 7, 9. Sentencing occurred on March 14, 2023. ECF No. 43. Movant was sentenced to 41 months in prison, 12 months of supervised release and ordered to pay $1,937,706 in restitution. Id. On January 26, 2024, movant's prison term was lowered to 33 months by stipulation. ECF No. 48. Movant did not appeal. The motion before the court was filed March 18, 2024. ECF No. 51.

First, movant asks that he be permitted to spend that last 12 months of his prison sentence on home confinement. As movant was released from prison on January 21, 2025 (ECF No. 66-1 at 3), this request is moot.

1

Second, movant challenges the amount of restitution he owes. However, restitution cannot be challenged in a § 2255 motion. U.S. v. Thiele, 314 F.3d 399 (9th Cir. 2002).

Finally, movant asserts that he should be resentenced.[1] The amount lost as a result of movant's conduct was determined to be the same as the amount owed in restitution. ECF No. 17 at 7. Therefore, movant's Sentencing Guidelines offense level was increased by 16 pursuant to USSG 2B1.1(b)(1)(I). Movant claims that the total loss was less than $1,500,000 so the offense level increase should have only been 14 pursuant to USSG 2B1.1(b)(1)(H). Movant asserts that $285,000, an amount of a loan given to movant that he never repaid "was never alleged to be misappropriated or obtained through ill gotten gains." However, in the presentence investigation report, the $285,000 referenced by movant is identified as having been misappropriated. ECF No. 17 at 5-6. Plaintiff fails to point to anything suggesting this determination was somehow improper.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Movant's motion for relief under 28 U.S.C. § 2255 (ECF No. 51) be DENIED; and

2. The Clerk of the Court be directed to close the civil companion case 2:24-cv-0888 KJM CKD P.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections, movant may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Any response to the objections shall be served and filed within fourteen days after

---

[1] While movant has been released from prison, he is still subject to a term of supervised release. As it appears resentencing could result in a shorter term of supervised release, movant's claim concerning a reduction in his prison sentence is not moot. See Gunderson v. Hood, 268 F.3d 1149, 1153 (9th Cir.2001) (holding that the possibility of relief is sufficient to prevent mootness).

service of the objections. The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 25, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
firl0043.2255